GALÁN, PLAINTIFF AND APPELLANT, *v.* BORINQUEN TRADING CORPORATION, DEFENDANT AND APPELLEE.

### APPEAL from the Second District Court of San Juan in an Action for Damages.

No. 2855.—Decided June 18, 1923.

DAMAGES—NEGLIGENCE—HIRE OF SERVICES.—An accident occurred to an automobile of the defendant on the road to Cayey and A, the owner of a garage in Caguas, was instructed to repair it and take it to San Juan. A did not drive it personally, but engaged a chauffeur to do so and while on the way to San Juan he caused the accident which gave rise to the present action for damages against the defendant. *Held:* That these facts do not show that between the defendant and the chauffeur there was a relation of principal and agent or of master and servant, but a contract of hire of services between the defendant and A and that therefore the defendant is not liable for the damages caused by the chauffeur's negligence.

ID.—ID.—ID.—BAILMENT.—The lease of works and services referred to in section 1447 of the Civil Code comes within the generic denomination of a bailment for mutual benefit, which means the delivery of personal property by one to another on deposit for a specific purpose, with an express or implied agreement that the trust will be faithfully discharged and the property returned or duly accounted for after the special purpose is fulfilled, or kept until the bailor claims it.

ID.—ID.—ID.—AGENCY.—Although an agency and a lease of works or services have certain points in common due to their common origin, they differ in certain characteristics which distinguish them, and their legal effect must be different. In an agency the principle of representation is the essence of the contract, and that is the very thing which distinguishes it from a contract of lease of services, *locatio operis faciendi.*

ID.—ID.—BAILOR—BAILEE.—A bailor can not be held responsible to a third person for the negligent use by the bailee of the thing in bailment. Such responsibility could only be charged on the theory that a bailor's relation

to the bailee is that of a principal or master, and that such relation does not exist is indicated by the fact that the duties and obligations of the bailor and of the bailee are totally different and that the former has no control over the employees of the latter.

The facts are stated in the opinion.

*Mr. L. Méndez Vaz* for the appellant.

*Messrs. C. S. Torres* and *M. Acosta Velarde* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

On March 10, 1920, an accident occurred at Stop 19, Santurce, where an automobile of the defendant struck a boy called Antonio Sosa Galán and inflicted upon him several serious wounds. Alleging that the accident was due to the fault or negligence of the chauffeur who was driving the automobile, the present action was brought, based also on the following facts: That the accident occurred through the negligence of the chauffeur, who was driving recklessly at that place, where there is a steep grade and considerable traffic, without sounding the horn or other device to warn the public of danger; that the automobile was running in the middle of the road instead of on the right-hand side of it, the chauffeur paying no attention to the bus from which the boy had alighted accompanied by his mother with the intention of crossing the road, and doing nothing to avoid the accident, for by keeping to the right on the sufficiently wide road, or by turning into Dos Hermanos Street, or by applying the brakes, he could have avoided it.

The defendant denied the material allegations of the complaint and pleaded as new matter of defense the contributory negligence of the plaintiff and the fact that the driver of the automobile was not and had not been an employee or agent of the defendant.

The case was tried and the court dismissed the complaint. From that judgment the present appeal was taken.

In the opinion of the trial court it is admitted that the accident was due to the negligence of the chauffeur who was driving the automobile, but at the same time held that the defendant was not liable for the reason that the relation between the owner of the garage, who engaged the chauffeur to bring the said automobile from Caguas to San Juan, and the defendant was that of principal and agent and it was not proved that the agent was authorized to appoint a substitute. According to the findings made by the trial judge and in view of the evidence, we can reach the same conclusion that the defendant can not be charged with the negligence of the chauffeur, not by virtue of the legal reasoning of the court below in considering the chauffeur as a substitute agent appointed without authority, but rather because the contract was simply one for the hire of services, and this is the real question of law to be examined and decided in this case.

The facts show that an automobile belonging to the defendant had been sold to a certain person residing in Cayey; that when the automobile was going through Caguas it had an accident and one of the mudguards was bent; that by order of the manager of the defendant corporation it was taken to the garage of Francisco Pereira in Caguas to be repaired; that the repair was agreed upon at $35, but with instructions to Pereira that when the work was finished the automobile should be brought to San Juan for examination; that Pereira himself did not bring the automobile to San Juan, but employed Manuel Jiménez to drive it and it was he who had the accident at Stop 19, Santurce, where he ran over the Sosa Galán boy and seriously injured him as described in the complaint.

On these facts the appellant presents the case from two viewpoints. From the first it maintains the same reasoning of the court below, or the theory of agency, with the difference that he alleges that the court erroneously construed

the statutes that govern agency, for as it did not appear that Pereira was forbidden to appoint a third person to bring the automobile to San Juan, the defendant was liable for the fault or negligence of the chauffeur who allowed the automobile to strike the injured person. The second view, without abandoning the first because of its relation and similarity, refers to the application of the principle of *respondeat superior,* attempting to establish a relation of master and servant between the defendant and the chauffeur. But our conclusion is that neither theory is applicable to the facts of this case.

Sections 1445 and 1447 of the Civil Code read as follows:

"Sec. 1445.—A lease may be of things, works, or services."

"Sec. 1447.—In a lease of works or services, one of the parties binds himself to execute a work or to render a service to the other for a specified price."

For the purpose of determining the juridical relations that may arise from section 1447, *supra,* between the contracting parties and third persons, it is indispensable to fix their nature and analyze the elements that distinguish them from other contractual relations such as those to which the appellant refers, which although similar yet belong to different contractual relations.

The contract defined in said section 1447 comes within the generic term of bailment for mutual benefit. Many definitions have been given of what should be understood by such a contract, but although all of them have been classified into two groups, according as one may follow Blackstone or Kent and Jones, "without entering into a discussion of the many arguments for or against either of these two varying views, it may be observed that the word 'bailment' comes from the French *bailler,* meaning 'to deliver'; and in its ordinary signification, which conforms to modern authorities and is substantially accurate, may be said to import

the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it." 3 R. C. L. 72, 73.

The relation of principal and agent that the appellant insists exists between the chauffeur and the defendant is also a derivative of bailment, of whose derivatives the authorities have made a technical division into five classes, which under their Roman names are as follows: *Depositum, mandatum, commodatum, pignori acceptum* or *vadium* and *locatum*. And the last, or lease, has been subdivided into (1) *locatio rei,* (2) *locatio operis faciendi,* (3) *locatio custodiae,* and (4) *locatio operis mercium vehendarium.* But this technical division and subdivision, corresponding more or less to the old Roman system, has been substituted by a more modern classification comprising three heads, and in support thereof it is said by the authorities and the jurisprudence that:

"The central idea of our law with respect to bailments is enwrapped in the consideration of recompense or no recompense, and as will appear more clearly later, the foundation principle is the thought that upon him whose labor or pains are to go unrequited should rest most lightly the obligation of care. Hence, in accordance with this principle, bailments are now generally classified under three heads: (1) those for the sole benefit of the bailor; (2) those for the sole benefit of the bailee; and (3) those for the benefit of both parties." 3 R. C. L. 80.

"Thus, in the first class, bailments for the bailor's benefit, come depositum and mandatum; commodatum is embraced by the second class, as it is a bailment for the bailee's sole benefit, and the third class, bailments for the mutual benefit of both parties, comprises locatum, with its subdivisions, and pignori acceptum or vadium." 3 *Id.* 80.

It follows from the foregoing that although agency and

hire of work or services have their points of contact because of their common origin, yet they are differentiated in certain characteristics which distinguish them and their legal consequences must be distinct. In agency the essence of the contract is the principle of representation and that is what actually distinguishes it from the contract for hire of services, *locatio operis faciendi.*

"Another contract with which that for hire of work and services is in danger of being confounded is agency. The difference usually observed between them is that originating in the absolute necessity of price in the contract of hire while agency is presumed to be gratuitous, according to article 1711, unless the agent's occupation is the performance of services of the kind to which the agency refers, in which case the obligation of compensating him is presumed. Yet the fundamental ground of distinction between the two contracts consists in the principle of representation which is the essence of agency and which has no place in the contract for hire. The intention of the parties will be the principal point to be made clear in doubtful cases." 10 Manresa, Civil Code, 414.

The same author, discussing agency in its relation to hire of services, goes on to say:

"After the enactment of the Code the Supreme Court, without ignoring or repudiating the old doctrine of the gratuitousness of agency, determined more properly, in our opinion, the juridical nature of it, taking representation as a basis, so that wherever the latter exists there is an agency.  *   *   *

"The same tribunal, by a judgment of October 27, 1899, also determined the substantial difference between hire of services and contract of agency, in fixing the scope of section 1544 and rejecting the undue application made by the lower court of article 1709. While in the former one of the parties agrees to do some work or render the other some service for a certain sum, in agency the essential thing is the representative power conferred, and without it there is no contract." 11 Manresa, Civil Code, 421.

In the light of the principles stated the owner of the garage where the automobile that caused the accident was repaired was not the representative of the defendant, for

he only did some work and rendered a service for a fixed
price and his acts, therefore, as to third persons injured
while the automobile remained under his control and during
its delivery, could not affect the said defendant in any man-
ner, and much less could the said defendant be held liable
under the principle of *respondeat superior,* considering the
defendant, if not as a principal, as a master with regard
to the owner of the garage who is considered a servant.
Nor does such relation exist in this case, .for it would be
essential to show that the defendant participated in the se-
lection of the chauffeur who drove the automobile as well
as the control and direction of the work of the said chauffeur
in all of its details.

"It seems to be very well settled that a bailor cannot be held
responsible to a third person for the negligent use by his bailee
of the chattel bailed. Such a liability could only be sustained on
the theory that a bailor stands in the relation of principal or
master to the bailee, and that such a relationship does not exist is
indicated by the fact that the duties and obligations of the bailor
and bailee are totally different, and that the former has no control
over the servants of the latter." 3 R. C. L. 145, 146.

"The essential elements are that the master shall have control
and direction not only of the employment to which the contract
relates, but of all of its details, and shall have the right to employ
at will and for proper cause discharge those who serve him." 18
R. C. L. 491.

"Again, it is essential to the relation of employer and em-
ployee—and the rule, of course, is the same where it is contem-
plated that the employee shall act as the agent or representative
cf the employer or principal—that the employer shall have power
and authority to direct and control the acts of the alleged employee.
Having this power the employer must respond; lacking it he is not
to be held accountable. Respondeat superior is the foundation
of liability; and if the employer or principal is without power to
command or direct the acts of the alleged employee or agent, there
is no superior whose duty it is to respond for the acts of an in-
ferior." *Id. id.* 782-83.

As in the present case there appears to be no controversy as to the facts, the questions discussed have been reduced to questions of law, and having decided that the contract in question is one for the hire of services and work entered into between the defendant company and Pereira, the owner of the garage, there is no responsibility with which the defendant may be charged as a result of the accident that caused the damage for which it was sought to recover in this action.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.